**UNITED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| ANA P. GARCIA, | ) |
| | ) |
|       Plaintiff | ) |
| | ) **Case No.:** |
|    v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| CAPITAL ONE BANK (USA), N.A., | ) **JURY TRIAL** |
| | ) |
|       Defendant | ) |
| | ) |

**COMPLAINT**

ANA P. GARCIA ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against CAPITAL ONE BANK (USA), N.A. ("Defendant"):

**INTRODUCTION**

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA") and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

**JURISDICTION AND VENUE**

2.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. <u>See</u> <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.    Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA. <u>See</u> <u>LeBlanc v. Unifund CCR Partners</u>, 601 F.3d 1185 (11th Cir. 2010).

4.      Defendant conducts business in the State of Florida, and as such, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6.      Plaintiff is a natural person residing in Miami Beach, Florida 33141.

7.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.      Plaintiff is a "consumer" or "debtor" as the term is defined by Florida Consumer Collection Practices Act, Florida Statute §559.55(8).

9.      Defendant is a corporation with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22101.

10.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153 (39).

11.     Defendant is a "creditor" as the term is defined by Florida Consumer Collection Practices Act, Florida Statute §559.55(5).

12.     At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.     Plaintiff has a cellular telephone number that he has had for at least two years.

14.     Plaintiff has only used this phone as a cellular telephone.

15.     Defendant placed repeated harassing telephone calls to Plaintiff on her cellular telephone.

16.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

2

17.   Plaintiff knew that Defendant's calls were automated since she would wait during a pause or delay at the beginning of a call prior to being transferred or connected to one of Defendant's representatives.

18.   Defendant's telephone calls were not made for "emergency purposes."

19.   Shortly after call started, Plaintiff spoke to Defendant and told Defendant to stop calling.

20.   Despite Plaintiff's revocation of consent, Defendant persisted in calling her.

21.   Defendant's incessant calls were exasperating and aggravating to Plaintiff.

22.   Upon information and belief, Defendant conducts its business in a manner that violates the Telephone Consumer Protection Act.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

23.   Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24.   Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

25.   Defendant's calls to Plaintiff were not made for "emergency purposes."

26.   Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent, as any consent Defendant may have thought it had to call Plaintiff was revoked when Plaintiff repeatedly told Defendant to stop calling her.

27.   Defendant's acts as described above were done with malicious, intentional,

PLAINTIFF'S COMPLAINT

willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT II**
**DEFENDANT VIOLATED**
**THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

30.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31.     Any person attempting to collect a consumer debt violates § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

32.     Defendant violated § 559.72(7) when it placed repeated and continuous telephone calls to Plaintiff despite knowing its calls were unwanted.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANA P. GARCIA, respectfully prays for a judgment as follows:

    a.   Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

    b.   Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

    c.   All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    d.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    e.   Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    f.   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    g.   Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANA P. GARCIA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date:   05/01/2020

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT